UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL STEPHEN KELLER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KATHLEEN ALISON, et al.,<br><br>　　　　Defendants. | Case No. 1:21-cv-01707-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL, WITHOUT PREJUDICE<br><br>(ECF No. 10) |

　　　　Paul Keller ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983.

　　　　On January 18, 2022, Plaintiff filed a motion for appointment of pro bono counsel, a declaration in support of the motion, and a memorandum of law in support of the motion. (ECF Nos. 10 & 11). Plaintiff asks for appointment of counsel because he is unable to afford counsel; because the issues involved in this case are extremely complex and his imprisonment will greatly limit his ability to litigate; because he has little to no access to the law library due to strict COVID-19 restrictions and procedures, as well as the many absences of the Law Librarian; because he has sought legal representation from multiple law firms over the past three months, but has not received any responses; because there are other factors in this case that he does not have the ability to investigate; because he is unable to conduct depositions or properly question

1

witnesses; because he does not have the abilities or qualifications to properly present this case like counsel would; and because this case has merit.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."  Id. (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel at this time.  The Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claims.  Moreover, while there may be some issues, it appears that Plaintiff can adequately articulate his claims.

Plaintiff is advised that he is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice.
IT IS SO ORDERED.

Dated: **January 21, 2022**             /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE