UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL STEPHEN KELLER,<br><br>             Plaintiff,<br><br>       v.<br><br>SCOTT DEGOUGH, et al.,<br><br>             Defendants. | Case No. 1:21-cv-01707-JLT-EPG (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STAY DEADLINE FOR FILING OF RESPONSE TO COMPLAINT AND OTHER CASE DEADLINES PENDING DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(ECF No. 40) |

Paul Keller ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action. Before the Court is Defendants' motion to stay the case, including their deadline for filing a response to the complaint and merits-based discovery (but not discovery on the issue of exhaustion). (ECF No. 40).

On June 15, 2022, Defendants filed a motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies before filing this action. (ECF No. 39). On June 16, 2022, Defendants filed a motion to stay the case, including their deadline for filing a response to the complaint and merits-based discovery. (ECF No. 40).

District courts have broad discretion in deciding whether to stay a case. See Landis v. N. Am. Co., 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time

1

1 and effort for itself, for counsel, and for litigants."). The moving party has the burden to show
2 that a stay is appropriate. Clinton v. Jones, 520 U.S. 681, 708 (1997). In determining whether to
3 enter a stay, the court must consider the competing interests at stake, including (1) "the possible
4 damage which may result from the granting of a stay," (2) "the hardship or inequity which a party
5 may suffer in being required to go forward," and (3) "the orderly course of justice measured in
6 terms of the simplifying or complicating of issues, proof, and questions of law which could be
7 expected to result from a stay." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962)
8 (citing Landis, 299 U.S. at 254-55).

9      Applying the relevant factors to this case, the Court finds that Defendants' motion to stay
10 should be granted. Defendants' motion for summary judgment may resolve the case in its
11 entirely. The Court has reviewed the pending motion for summary judgment, and it appears to
12 present a colorable defense based on exhaustion. According to Defendants, Plaintiff exhausted
13 administrative remedies, but he did so after he filed the operative complaint. (ECF No. 39, p. 4).

14      Based on the foregoing, the parties' and the Court's time and resources will be conserved
15 by a stay. Additionally, the stay will not impose undue hardship or inequity to the parties at this
16 stage in the case. Thus, the Court will vacate all deadlines, except the deadlines related to the
17 motion for summary judgment. The Court will also stay merits-based discovery. The Court will
18 reset any necessary deadlines, and lift the stay on merits-based discovery, following a final ruling
19 on the motion for summary judgment if Plaintiff's claim proceeds.

20      The Court notes that if Defendants' motion for summary judgment is granted, the case
21 would be dismissed without prejudice to Plaintiff refiling the lawsuit now that exhaustion appears
22 to have been accomplished. Accordingly, instead of opposing Defendants' motion for summary
23 judgment, Plaintiff may choose to voluntarily dismiss this case without prejudice and file the
24 operative complaint in a new action, rather than proceed in this case.

25      Accordingly, based on the foregoing, IT IS HEREBY ORDERED that:
26     1. Defendants' motion to stay (ECF No. 40) is GRANTED; and
27 \\\
28 \\\

2. All deadlines, except the deadlines related to Defendants' motion for summary judgment, are vacated. Additionally, merits-based discovery¹ is stayed. The Court will lift the stay and reset the relevant deadlines, if necessary, after the District Judge issues an order on Defendants' pending motion for summary judgment (ECF No. 39).

IT IS SO ORDERED.

Dated:   **June 21, 2022**            /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE

---

¹ The Court notes that it is not staying discovery on the issue of exhaustion of available administrative remedies.

3